
# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **YONI HERNANDEZ,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.:** _____ |
| | ) |
| **TENNESSEE VALLEY TRAINING CENTER, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, Yoni Hernandez, by and through undersigned counsel and files her Complaint against Defendant, Tennessee Valley Training Center, Inc., and in support thereof, states as follows:

### INTRODUCTION

1. Ms. Yoni Hernandez was an employee of Tennessee Valley Training Center, Inc. working as a Customer Service Specialist. She received a written warning for translating tests for Hispanics before she was told this was impermissible or that there was an alternative test available in Spanish. However, she was instructed to assist Caucasians and African Americans to pass tests. After Ms. Hernandez complained to her supervisor about the discriminatory practices, she was terminated for false reasons.

## JURISDICTION

2. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e - 2000e-17, the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 1 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

3. This Court maintains subject matter jurisdiction under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1343(a)(4).

4. The unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

## PARTIES

5. Plaintiff, Yoni Hernandez (hereinafter referred to as "Plaintiff") is a Hispanic female and a citizen and resident of the United States who, at all times relevant hereto, has been a resident of Morgan, Alabama, in the Northern District of Alabama.

6. Defendant, Tennessee Valley Training Center, Inc. operates in Morgan County, Alabama (hereinafter referred to as "Defendant") within the Northern District of Alabama.

## CONDITIONS PRECEDENT

7. Plaintiff Yoni Hernandez has timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("E.E.O.C."), alleging discrimination on the basis of her race, against the Defendant. A copy of said

Charge of Discrimination is attached hereto and identified as "Exhibit A."

8.  Yoni Hernandez has received a Notice of Right-to-Sue from the E.E.O.C. and this action is being instituted within ninety (90) days of receipt by the Plaintiff of said Notice of Right-to-Sue, a copy of which is attached hereto and identified as "Exhibit B."

## FACTUAL ALLEGATIONS

9.  In or around June 9, 2015, Plaintiff, a Hispanic female, began working for Defendant as a Customer Service Specialist.

10. During her employment with Defendant, Plaintiff assisted two Hispanic students by translating tests.  Plaintiff did not assist the test-takers with the answers, but only translated portions of the tests.  Plaintiff was not aware there was a Spanish version of the tests.  After this incident, Plaintiff was written up and never did this again.

11. After the incident wherein Plaintiff was written up, Plaintiff was instructed by her supervisor, Missy Cottingham, not to help anyone.

12. Plaintiff was aware other employees were assisting Caucasians and African Americans to help them pass the test and Plaintiff reported this to her supervisor.  Plaintiff's supervisor responded that it was okay and then instructed Plaintiff she should assist them to pass the tests as well.  Plaintiff complained to her supervisor that she shouldn't be assisting Caucasians and African Americans if she

was not allowed to provide assistance to Hispanics.

13. Plaintiff was also aware that test scores of Caucasians and African Americans were being falsified and non-certified employees were allowed access to code and assist others taking tests.

14. On or about July 15, 2016, Plaintiff was terminated after being falsely accused of assisting a Hispanic individual to pass a test.

15. Plaintiff alleges that, at all times relevant hereto, the actions of management was intentional and/or done in reckless disregard for Plaintiff's right to a work environment that is free of racial discrimination.

16. Plaintiff avers that Defendant made no effort to protect Plaintiff from racial discrimination.

## COUNT I
## RACE DISCRIMINATION AND RETALIATION UNDER
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

17. Plaintiff re-asserts the averments set forth in Paragraphs 1 through 16 hereof, as though fully set forth herein.

18. The Defendant engaged in a discriminatory practice or discriminatory practices against the Plaintiff with malice or reckless indifference to the Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

19. The actions of the Defendant violated Title VII of the Civil Rights Act of 1964, as amended.

20. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and is now suffering and will continue to suffer irreparable harm and injury from her treatment by the Defendant.

21. Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of the Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended.

22. Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of the Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, Plaintiff pray that this Court:

a. Declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights;

b. Enjoin the Defendant from engaging in such conduct;

c. Award the Plaintiff compensatory and punitive damages in an amount to be determined by this Court;

d. Award the Plaintiff costs and attorneys' fees; and

e. Grant such further and other relief as it may deem just and proper.

## COUNT II
## RACE DISCRIMINATION UNDER
## SECTION 1 OF THE CIVIL RIGHTS ACT OF 1866

23. Plaintiff re-asserts the averments set forth in Paragraphs 1 through 16 hereof, as though fully set forth herein.

24. The actions and inactions of the Defendant and its agents constituted discrimination on account of Plaintiff's race.

25. The Defendant and its agents purposefully and intentionally discriminated against the Plaintiff on account of her race.

26. The actions and inactions of the Defendant and its agents constituted discrimination against Plaintiff in the making and/or enforcing of a contract, as the same is defined in 42 U.S.C. § 1981, as amended.

27. The actions and inactions of the Defendant violated 42 U.S.C. § 1981, as amended.

28. Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of the Defendant's violation of 42 U.S.C. § 1981, as amended.

29. Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of the Defendant's violation of 42 U.S.C. § 1981, as amended.

WHEREFORE, Plaintiffs pray that this Court:

a. Declare the conduct engaged in by the Defendant to be in violation of the Plaintiff's rights;

b. Enjoin the Defendant from engaging in such conduct;

c. Award Plaintiff compensatory and punitive damages in an amount to be determined by the Court;

d. Award Plaintiff costs and attorneys' fees; and

e. Grant such further and other relief as it may deem just and proper.

**PLAINTIFF DEMAND TRIAL BY STRUCK JURY**

Respectfully submitted this the August 18, 2017.

> s/ Teri Ryder Mastando
> Teri Ryder Mastando (ASB-4507-E53T)
> Eric J. Artrip (ASB-9673-I68E)
> MASTANDO & ARTRIP, LLC
> 301 Washington Street, Suite 302
> Huntsville, Alabama 35801
> Phone:	(256) 532-2222
> Fax:	(256) 513-7489
> teri@mastandoartrip.com
> artrip@mastandoartirp.com

**DEFENDANT'S ADDRESS**

Tennessee Valley Training Center, Inc.
c/o Jeff Brown
214 Johnston Street
Decatur, Alabama 35601